IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-23170-CIV-ALTONAGA/Damian

**CARDINAL POINT, LLC**; *et al.*,

    Plaintiffs,

v.

**EDGEWOOD PARTNERS INSURANCE CENTER, INC.**; *et al.*,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
DISCOVERY MEMORANDUM TO COMPEL PRODUCTION OF DOCUMENTS
REQUESTED IN PLAINTIFFS' SECOND REQUEST FOR PRODUCTION**

THIS CAUSE came before the Court for a hearing on July 25, 2023, on Plaintiffs' Discovery Memorandum to Compel Production of Documents Requested in Plaintiffs' Second Request for Production (the "Memorandum") [ECF No. 37] and Plaintiffs' *ore tenus* Motion to Compel Production [ECF No. 57]. This matter is before the undersigned pursuant to an Order referring all discovery matters by Chief United States District Judge Cecilia M. Altonaga. [ECF No. 15].

THE COURT has reviewed the *ore tenus* Motion, the Memorandum, Defendants' Response [ECF No. 40], and the pertinent portions of the record and is otherwise fully advised in the premises. The Court also heard oral argument from counsel for the parties who appeared before the undersigned on July 25, 2023.

During the July 25, 2023 hearing, the parties informed the Court they had reached an agreement regarding Document Request Nos. 2.15 and 2.35 prior to the hearing. As to the remaining disputes, it is hereby

**ORDERED** and **ADJUDGED** that Plaintiffs' *ore tenus* Motion and Memorandum are **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendants' objection to the timeliness of Plaintiffs' Memorandum is overruled.

2. <u>Document Request Nos. 2.1, 2.3, 2.5, and 2.7</u>: Defendants' relevancy objection is sustained in part. Defendants' other objections are overruled. Defendants shall produce the employment and compensation agreements sought in Document Request Nos. 2.1, 2.3, 2.5, and 2.7 if the agreements contain incentives relating to current or future business health plan reinsurance and stop loss business. If none of the requested agreements contain such incentives, Defendants need not produce the requested agreements and shall amend their responses to Document Request Nos. 2.1, 2.3, 2.5, and 2.7 to state that no responsive documents exist containing incentives relating to current or future business health plan reinsurance and stop loss business.

3. <u>Document Request Nos. 2.2, 2.4, 2.6, and 2.8</u>: Defendants' relevancy objection is sustained in part. Defendants' other objections are overruled. Defendants shall produce communications relating to potentially or actually incentivizing Peter Robinson, Elisabeth Staggs, Caleb Chung, and Raj Gulati for current or future health plan reinsurance and stop loss business. If no such communications exist, Defendants shall amend their responses to Document Request Nos. 2.2, 2.4, 2.6, and 2.8 to state no communications exist relating to potentially or actually incentivizing Peter Robinson,

Elisabeth Staggs, Caleb Chung, and/or Raj Gulati for current or future health plan reinsurance and stop loss business.

4. <u>Document Request No. 2.51</u>: Defendants' objections are overruled. Defendants shall confirm that all communications responsive to Document Request No. 2.51 have been produced, and assuming all such communications have been produced, Defendants shall amend their response to state so.

5. <u>Document Request No. 2.52</u>: Defendants' objections are overruled. Defendants shall provide a chart showing new business by client for EPIC Re/Integro Re for 2023 as Defendants did for 2019-2022 in Bates-stamped document EPIC008734. In addition, Defendants shall provide Plaintiffs with documents sufficient to show new, existing, and renewed business by client credited to EPIC Re/Integro Re for 2019 through 2023.

6. <u>Document Request No. 2.24</u>: Defendants' relevancy objection is sustained in part. Defendants' other objections are overruled. Defendants shall produce all portions of Board meeting minutes between January 2020 and February 2023 relating to potentially or actually incentivizing anyone other than Plaintiffs for current or future health plan reinsurance and stop loss business. In addition, to the extent Bates-stamped document EPIC007342 contains information regarding Peter Robinson or Blake Kirk, Defendants shall reproduce EPIC007342 with such information unredacted.

7. <u>Document Request No. 2.25</u>: Defendants shall supplement their response to Document Request No. 2.25 to state that the July 28, 2021 Board meeting minutes contain no reference to Plaintiffs, and, therefore, no responsive documents exist.

8.  <u>Document Request No. 2.60</u>: Defendants' objections are overruled as the Court finds that the requested tax forms are directly relevant to the issues in this case. Defendants shall produce the requested tax forms.

9.  Defendants shall comply with this Order by August 4, 2023.

Although this written Order is entered this 2nd day of August, 2023, the Court set forth its rulings at the July 25, 2023 hearing, and, therefore, these rulings are effective as of that date.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of August, 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All Counsel of Record